## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

KARA CONN,

      Plaintiff,

v.

ZINNIA HEALTH, LLC,
a Florida limited liability company

      Defendant.

_____/

### <u>COMPLAINT</u>

Plaintiff, KARA CONN (hereinafter, "CONN" or "Plaintiff"), by and through her undersigned attorney, hereby files her Complaint suing Defendant, ZINNIA HEALTH, LLC OF FLORIDA, INC. (hereinafter, "ZINNIA" or "Defendant"), a Florida corporation, and says:

### <u>JURISDICTION AND VENUE</u>

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Delray Beach, Florida.

## PARTIES

5.  Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is in a class protected under the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to the commencement of her FMLA leave in starting in February 2022.

7.  Defendant is a Florida limited liability company organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked in Delray Beach, Florida and all actions complained of herein took place at that location and within the Southern District of Florida.

8.  At all times relevant hereto, ZINNIA was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

## GENERAL ALLEGATIONS

9.  Plaintiff was hired by Defendant as an admissions coordinator on October 14, 2020.

10. Plaintiff was then promoted to Training and Development Manager in April 2021.

11. During her employment with Defendant, Plaintiff became pregnant.

12. Plaintiff requested FMLA leave due to the birth of her child which was properly approved by Defendant. [1]

13. Plaintiff was out on FMLA leave from February 2022 until May 2022.

---

[1] While it is not properly a part of this action, Plaintiff also has a charge pending before the EEOC predicated upon discrimination based upon sex, pregnancy and retaliation. Plaintiff has significant medical limitations placed upon her by her doctor which resulted in an immediate demotion in late 2021 upon the company learning she was pregnant. While that decision was temporarily reversed during Plaintiff's pregnancy and subsequent approval of FMLA leave, Defendant then disregarded the FMLA process leading to this action.

14. Upon her return from FMLA in May 2022, Plaintiff was effectively demoted from her management position.

15. At the time she began her FMLA leave, Plaintiff was managing six to seven employees and performed recruiting and hiring tasks including interviewing and recommending candidates for open positions within the company.

16. Following her return from FMLA leave, Plaintiff's duties were gradually stripped away until she was doing secretarial or less tasks.

17. Plaintiff was told she was no longer needed in the recruitment and hiring process and was assigned minor tasks such as editing manuals.

18. After FMLA leave, Plaintiff was also stripped of her managerial duties except for approving timecards.

19. In May 2022, Plaintiff returned from FMLA leave ready and willing to work, but her work was being assigned to other employees.

20. Plaintiff requested more work on numerous occasions but was continually ignored.

21. Plaintiff was terminated on or about November 18, 2022.

22. ZINNIA did not have a business necessity for terminating Plaintiff.

23. As a result of Defendant's actions, CONN has had to retain the undersigned and is therefore entitled to fees if she is the prevailing party.

24. CONN has incurred damages as a result of Defendant's illegal activities, including lost pay.

## COUNT ONE: VIOLATION OF THE FMLA
## (RETALIATION)

25. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–24, above as though the same were fully set forth herein.

26. This is an action under the FMLA for retaliation in violation of 29 U.S.C. § 615(a)(1)(D).

27. At all times relevant, Defendant ZINNIA was Plaintiff's "employer" as defined under the FMLA, 29 U.S.C. § 2611.

28. CONN made a request for leave under the FMLA in February 2022. This request was approved by ZINNIA in February 2022.

29. Following her return from FMLA leave, CONN's job duties were gradually stripped away until she was finally terminated on November 18, 2022.

30. ZINNIA's termination of CONN employment constitutes an "adverse employment action" under the FMLA.

31. ZINNIA's decision to strip Plaintiff of her managerial job duties also constitute an "adverse employment action" under the FMLA.

32. The fact that CONN was entitled to leave under the FMLA was a "protected activity" under the FMLA.

33. CONN's request for FMLA was, at minimum, a motivating factor in Defendant's decision to take away Plaintiff's managerial job duties and to terminate CONN on November 18, 2022.

34. ZINNIA' alleged reason for terminating CONN is pretextual as it cannot demonstrate evidence to support that it applied its own policies evenly to CONN and cannot prove that there was any legitimate business necessity/reason for stripping CONN of her managerial job duties following

35. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

36. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

WHEREFORE, Plaintiff KARA CONN requests:

    a.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b.  Interest on the amount found due;

    c.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e.  Such other relief as the Court deems just and proper.

## <u>COUNT TWO: VIOLATION OF THE FMLA</u><br><u>(INTERFERENCE)</u>

41. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–24 above as though the same were fully set forth herein.

42. CONN was eligible for FMLA leave due to the birth of her child pursuant to 29 U.S.C. § 2612(a)(1)(A).

43. CONN made a request for leave in February 2022 which was granted by ZINNIA.

44. However, ZINNIA refused to restore Plaintiff to the same or similar position upon her return from FMLA in that Plaintiff's managerial/recruiting/hiring job duties were gradually stripped from her until her eventual termination.

45. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her managerial position.

46. As a direct result of her duties being stripped away which ultimately lead to her termination, Plaintiff has suffered lost wages.

47. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

48. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

49. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

50. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff KARA CONN requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff KARA CONN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 15, 2023.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:    <u>/s/ Charles Eiss</u>
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        Chuck@icelawfirm.com
        JORGE GONZALEZ, Esq.
        Fla. Bar #10381468
        jorge@icelawfirm.com